%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
ROBERT BRADEN

**DEFENDANTS**
LOCKHEED MARTIN CORPORATION

(b) County of Residence of First Listed Plaintiff: **Montgomery**
County of Residence of First Listed Defendant: **Burlington**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
James M. Duttera, Esquire
110 Marter Ave, Suite 105
Moorestown, NJ 08057
856.854.4000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 465 Other Immigration Actions |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
see attachment
Brief description of cause:
see attachment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $150,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S)** (See instructions):
JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE: July 2, 2014
SIGNATURE OF ATTORNEY OF RECORD: [signature]

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT BRADEN,<br><br>Plaintiffs,<br><br>v.<br><br>LOCKHEED MARTIN CORPORATION<br><br>Defendant. | CIVIL ACTION NO.<br><br>Electronically Filed<br><br><br><br>JURY TRIAL DEMANDED |

## CIVIL COVER SHEET ATTACHMENT

VI. a) Age Discrimination in Employment Act ("ADEA"), as amended, by the Older Workers Benefits Protection Act, 29 U.S.C. § 621, *et seq.* and the New Jersey Law Against Discrimination, as amended, N.J.S.A. §10:5-1, *et seq.* ("NJLAD")

b) Plaintiff, Robert Braden, brings this action against his former employer, Defendant, Lockheed Martin Corporation. Plaintiff was employed by Defendant, or a predecessor of Defendant, from 1984 until he was terminated because of his age in 2012.

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT BRADEN,** | **CIVIL ACTION NO.** |
| | **Electronically Filed** |
| Plaintiffs, | |
| v. | |
| **LOCKHEED MARTIN CORPORATION** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

Plaintiff, Robert Braden, brings this action against his former employer, Defendant, Lockheed Martin Corporation. Plaintiff was employed by Defendant, or a predecessor of Defendant, from 1984 until he was terminated because of his age in 2012. Plaintiff brings suit pursuant to the Age Discrimination in Employment Act ("ADEA"), as amended, by the Older Workers Benefits Protection Act, 29 U.S.C. § 621, *et seq.* and the New Jersey Law Against Discrimination, as amended, N.J.S.A. §10:5-1, *et seq.* ("NJLAD"). Plaintiff seeks damages, including compensatory, liquidated, punitive, and all other relief under federal laws prohibiting age discrimination in employment and as this Court deems appropriate.

## II.  PARTIES

1. Plaintiff Robert Braden ("Plaintiff") is an individual, living in Penn Valley in the Commonwealth of Pennsylvania.

2. Plaintiff was born in February, 1946 and is currently sixty-eight (68) years old.

3. Defendant, Lockheed Martin Corporation is a Maryland corporation, headquartered in Bethesda, Maryland.

4. Defendant is engaged in an industry affecting interstate commerce and regularly conducts business in the State of New Jersey.

5. At all times material to this action, Defendant was an employer within the meaning of the state and federal laws which form the basis of this action.

6. At all times material to this action, Defendant acted by and through authorized agents, servants, contractors and/or employees acting within the course and scope of their employment with Defendant or authorized by Defendant and in furtherance of Defendant's business.

## III.  JURISDICTION AND VENUE

7. The causes of action set forth in this Complaint arise under the ADEA and NJLAD.

8. This Court has federal question jurisdiction over the ADEA claim (Count I) pursuant to 28 U.S.C. §1331.

9. This Court has supplemental jurisdiction over the NJLAD claim (Count II) pursuant to 28 U.S.C. §1367.

10. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C.

§1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.

11. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because events giving rise to the claims occurred within this district, and Defendant transacts business and is found in this district.

12. On or about January 9, 2013, Plaintiff filed a charge of discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein and marked as Exhibit A is a true and correct copy of the Charge (with minor redactions for purposes of electronic filing of confidential/identifying information).

13. More than sixty (60) days have elapsed since Plaintiff filed the Charge with the EEOC.

14. On or about May 13, 2014, in response to Plaintiff's request, the EEOC issed a Notice of Right to Sue on Plaintiff's request. Attached hereto, incorporated herein and marked as Exhibit B is a true and correct copy of the Notice of Right to Sue issued to Plaintiff (with minor redactions for purposes of electronic filing of confidential/identifying information).

15. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

### IV. FACTUAL ALLEGATIONS

16. Plaintiff was hired by RCA in or about 1984. Through a series of mergers and acquisitions, Plaintiff became an employee of Defendant in or about March, 1995.

17. During his employment, Plaintiff was disproportionately paid less than

younger employees performing substantially similar work, with similar or lesser skills and experience.

18. This pay disparity is a result of disparities in pay increases, caused by discriminatory performance evaluations.

19. Plaintiff has been present for discussions of performance reviews, where comments were made suggesting that it is preferable to give low evaluations (and therefore lower compensation) to older workers, because the older workers have nowhere else to go while younger employees might leave if they did not receive good raises.

20. At the time of his termination, Plaintiff worked in Defendant's Electronic Systems business area.

21. Within Electronic Systems, Plaintiff was part of the Mission Systems and Sensors business unit ("MS2").

22. At the time of his termination, Plaintiff was a Project Specialist, Sr. Staff ("PSSS").

23. At the time of his termination, Plaintiff was the oldest of six people (3 PSSS' and 3 Managers) reporting to Christopher Renna, Sr. Manager Equipment Engineering.

24. The other two PSSS' reporting to Mr. Renna were approximately 42 and 38 years old. Plaintiff was 66 years old.

25. The three managers reporting to Mr. Renna were approximately 35, 42, and 52 years old.

26. On or about July 10, 2012, Plaintiff was informed by Mr. Renna that he

(Plaintiff) had been selected for layoff, effective immediately.

27.     Plaintiff was not given any specific reason as to why he was chosen for termination.

28.     Plaintiff was given documents that claimed, "Managers assessed the current needs of the business and the abilities of employees to meet those needs in each skill category, in accordance with established policy." In other words, the decision was made based on the subjective opinions of managers.

29.     Defendant did not utilize any objective measurements in determining which employees to terminate as part of the layoffs.

30.     There were no processes or procedures in place to prevent age discrimination in connection with the layoffs.

31.     Plaintiff was the only one of the six employees reporting to Mr. Renna who were selected for termination.

32.     A significantly younger individual reporting to Mr. Renna, Kimberly Tighe (38), had just been made a PSSS, but she was retained over Plaintiff.

33.     Despite the layoffs of a large number of employees, Defendant continued to recruit and hire younger individuals for positions for which Plaintiff was qualified.

34.     Five workers with Plaintiff's title (Project Specialist, Sr. Staff) out of approximately 110 were terminated as part of the layoffs. All five were over the age of 50.

35.     Upon information, approximately twelve (12) people from two levels below Mr. Renna were terminated. Eight were over the age of fifty.

36.     Plaintiff's performance had been excellent and did not warrant termination.

37. Plaintiff's age (then 66) was a motivating and determinative factor in his termination.

## COUNT I
## ADEA

38. Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Defendant, by the discriminatory acts set forth herein, have violated the ADEA.

40 Defendant's violations were intentional and willful under the circumstances and warrant the imposition of liquidated damages.

41. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has sustained the injuries, damages and losses set forth herein.

42. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

## COUNT II
## NJLAD

43. Plaintiff incorporates paragraphs 1 through 42 as if set forth herein in their entirety.

44. Defendant violated the LAD by discriminating against Plaintiff.

45. Members of upper management of Defendant had actual participation in, or willful indifference to, Defendant's wrongful conduct described herein.

46. Defendant's wrongful actions were especially egregious, warranting the imposition of punitive damages.

47. As a direct and proximate result of Defendant's violations of the LAD, Plaintiff has suffered the damages and losses set forth herein.

48. Plaintiff is now suffering and will continue to suffer irreparable injury as a result of Defendant's discriminatory and unlawful acts unless and until this Court grants the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Robert Braden, and against Defendant, Lockheed Martin Corporation:

    a. declaring the acts and practices complained of herein to be a violation of the ADEA;

    b. declaring the acts and practices complained of herein to be a violation of the LAD;

    c. enjoining and restraining permanently the violations alleged herein;

    d. awarding damages to Plaintiff for the past and future economic losses that he has suffered;

    e. awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

    f. awarding liquidated damages to Plaintiff pursuant to the ADEA;

    g. awarding Plaintiff punitive damages pursuant to the LAD;

    h. awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

    i. awarding Plaintiff such other damages as are appropriate under the ADEA, the LAD and federal and state law; and

j.  granting such other and further relief as this Court deems appropriate.

                                      **CONSOLE LAW OFFICES LLC**

Dated: July 2, 2014        BY:  **/s/ James M. Duttera**
                                            James M. Duttera
                                            (856) 854-4000

                                            Attorney for Plaintiff,
                                            Robert Braden

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ☐ FEPA<br>X EEOC | 530-2013-01148 |
| STATE OR LOCAL AGENCY: | | |

| NAME (Indicate Mr., Ms., Mrs.)<br>**Robert Braden** | HOME TELEPHONE NUMBER (Include Area Code) ||
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP<br>Penn Valley, PA 19072 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Lockheed Martin Corporation** | NUMBER OF EMPLOYEES, MEMBERS >15 | TELEPHONE (Include Area Code) ||
|---|---|---|---|
| STREET ADDRESS<br>*Claimant's Work Location*<br>**199 Borton Landing Road**<br>*Corporate Headquarters*<br>**6801 Rockledge Drive** | CITY, STATE AND ZIP<br><br>Moorestown, NJ 08057<br><br>Bethesda, MD 20818 | COUNTY<br><br>**Burlington** ||

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>☐ Race   ☐ Color   ☐ Sex   ☐ Religion   ☐ National Origin<br>☐ Retaliation   X Age   ☐ Disability   ☐ Other (Specify) | DATE DISCRIMINATION TOOK PLACE<br>**July 10, 2012**<br>*Earliest*             *Latest*<br>☐ Continuing Violation |
|---|---|

**THE PARTICULARS ARE:**
A.   Relevant Work History
    I have been employed by Respondent, Lockheed Martin Corporation, or a predecessor of Respondent since 1984. At the time of my termination, I worked in Respondent's Electronic Systems business area, headed by Marilyn Hewson. Within Electronic Systems, I was part of the Mission Systems and Sensors business unit ("MS2").

    At the time of my termination, I was sixty-six (66) years old. I was a Project Specialist, Sr. Staff ("PSSS"). I was the oldest of six people (3 PSSS' and 3 Managers) reporting to Christopher Renna, Sr. Manager Equipment Engineering (45*). The other two PSSS' reporting to Mr. Renna were approximately 42 and 38 years old. The three managers reporting to him were approximately 35, 42, and 52 years old.

* All ages herein are approximate.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>*Robert K Braden*<br>Date: 1/9/2013  Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**Braden v. Lockheed Martin Corporation**
**EEOC Charge of Discrimination**
**Page 2 of 3**

2.  **Statement of Harm**

During my employment, I was consistently underpaid because of my age, including as a result of age-biased annual evaluations.

On or about July 10, 2012, I was informed by Mr. Renna that I had been selected for layoff, effective immediately. According to paperwork that I was given, I was one of 308 employees within MS2 notified of termination. I was the only person reporting to Mr. Renna who was terminated.

B.  **Respondent's Alleged Reasons**

I have not been given any specific reason as to why I was chosen for termination. However, I was given documents that claimed, "Managers assessed the current needs of the business and the abilities of employees to meet those needs in each skill category, in accordance with established policy." The specifics of this decision, and whether it was any more objective than each manager's preference, is not explained.

C.  **Rationale/Basis for Allegations of Discrimination and Statutes Covered**

I allege that Respondent has discriminated against me based on my age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. 621, *et seq.* ("ADEA") and, the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, et seq. ("NJLAD").

Evidence of discrimination includes, but is not limited to (in addition to what is set forth herein):

1.  Upon information and belief, older employees are given below average performance evaluation scores in significantly greater numbers than younger employees, and given above average performance evaluation scores in significantly lower numbers than younger employees. Also, I have been present for discussions of performance reviews, were comments were made suggesting that it is preferable to give low evaluations (and therefore lower compensation) to older workers, because the older workers have nowhere else to go while younger employees might leave if they did not receive good raises.

2.  I was the oldest by far of the six employees reporting to Mr. Renna, and the only one terminated.

3.  A significantly younger individual reporting to Mr. Renna, Kimberly Tighe (38), had just been made a PSSS, but she was retained over me.

4.  Upon information and belief, approximately twelve employees were laid off from positions two levels below Mr. Renna (i.e. workers who reported to the 3 managers reporting to him). At least eight of them were over the age of fifty years old.

**Braden v. Lockheed Martin Corporation**
**EEOC Charge of Discrimination**
**Page 3 of 3**

5. According to the OWBPA data given to me, five workers with my title (Project Specialist, Sr. Staff) were terminated. All five were over the age of 50.

6. My performance had been excellent and did not warrant termination.

7. Respondent's vaguely described reason for my termination is a pretext for age discrimination.

# EXHIBIT B

## U.S. Equal Employment Opportunity Commission

EEOC Form 161-B (10/96)

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Robert Braden | From: | Equal Employment Opportunity Commission |
|---|---|---|---|
| | Penn Valley, PA 19072 | | Philadelphia District Office<br>801 Market Street, PH Suite 1300<br>Philadelphia, PA 19107-3127 |

[ ]  *On behalf of person(s) aggrieved whose identity is* **CONFIDENTIAL (29 CFR § 1601.7(a))**

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2013-01148 | Legal Unit | (215) 440-2828 |

(See also the additional information attached to this form.)
NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[  ]  More than 180 days have passed since the filing of this charge.

[  ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[  ]  The EEOC is terminating its processing of this charge.

[  ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ X ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[  ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr. District Director

5/13/14
*(Date Mailed)*

Enclosure(s)

cc:  LOCKHEED MARTIN CORPORATION
     James M Duttera, Esq. (for Charging Party)
     Brittni A Pitts Esq. (for Respondent)