NOT FOR PUBLICATION                          [Dkt. No. 90, 91]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| ROBERT BRADEN, | |
| Plaintiff, | Civil No. 14-4215 |
| v. | **OPINION** |
| LOCKHEED MARTIN CORP., | |
| Defendant. | |

**BUMB**, UNITED STATES DISTRICT JUDGE:

THIS MATTER comes before the Court upon briefs filed by both parties concerning the issue of the proper jury instruction to be given at the conclusion of the trial.  The Court outlines below its analysis of the issue raised by the parties concerning the proper causation standard under NJLAD claims.

I.   **BACKGROUND**

The events giving rise to this case are known by the parties, and the Court does not go into detail here.  In short, Plaintiff Robert Braden ("Plaintiff") asserts that Defendant Lockheed Martin Corp. ("Defendant") discriminated against him on the basis of his age.  Defendant denies these allegations and asserts that Plaintiff was selected for layoff in connection with a reduction in force in 2012 that was based on legitimate business reasons.  (Prop. Jt. Prelim. St. of Case [Dkt. No.

92]).  Plaintiff brings two causes of action for age discrimination, one under the New Jersey Law Against Discrimination ("NJLAD") and one under the Age Discrimination in Employment Act of 1967 ("ADEA").

During a pre-trial conference held before the Court on January 19, 2017, the parties informed the Court that they were in general agreement on the proper charges to be read to the jury, with the exception of a disagreement with regard to the proper causation standard to be applied to the NJLAD claim.  The Court instructed the parties to brief the issue.  Upon consideration of the briefs, the Court's resolution of the issue identified by the parties is set forth below.

## II.  **DISCUSSION**

The parties ask the Court to resolve an issue that has not received direct treatment by any court, as far as this Court is able to determine.  To wit, the parties seek resolution of whether the causation standard for age discrimination is the same under both the ADEA and NJLAD after the Supreme Court's holding in Gross v. FBL Financial Services, 557 U.S. 167 (2009).

Specifically, Plaintiff contends that the NJLAD requires a lower standard of causation than does the ADEA.  Plaintiff argues that the "jury must consider whether age 'played a role' or was a 'motivating factor' in Defendant's decision to lay off Plaintiff."  (Pl.'s Ltr. at 1).  In support of this argument,

Plaintiff argues that, notwithstanding the Supreme Court's ruling on the federal ADEA framework in Gross, the NJLAD still requires what Plaintiff considers to be a lesser "motivating" factor standard instead of the "but-for" standard for causation. (Pl.'s Ltr. at 1 [Dkt. No. 90]).  Defendant responds that New Jersey courts post-Gross have made clear that the but-for causation standard applies to NJLAD claims.  (Def.'s Ltr. at 1-2 [Dkt. No. 91-1]).  Neither party disputes that the but-for causation standard applies to the ADEA claim at issue.

The Court agrees with Defendant that a New Jersey court after Gross would apply the but-for causation standard.  As an initial matter, NJLAD and ADEA are statutory frameworks that are general interpreted identically.  Abrams v. Lightolier, Inc., 50 F.3d 1204, 1212 (3d Cir. 1995) ("New Jersey courts in applying the NJLAD generally follow the standards of proof applicable under the federal discrimination statutes . . . ."); Maidenbaum v. Bally's Park Place, Inc., 870 F. Supp. 1254 1258 (D.N.J. 1994), aff'd without op'n, 67 F.3d 291 (3d Cir. 1995).  Importantly, the interconnectedness of interpretation of the NJLAD and ADEA has led the Third Circuit to import recently-developed federal court interpretation of discrimination law to the NJLAD, even in the absence of definitive resolution of the issue by the New Jersey Supreme Court.  McKenna v. Pacific Rail Service, 32 F.3d 820, 827 (3d Cir.1994) (predicting that the New

3

Jersey Supreme Court would adopt the clarification for proving a federal pretext discrimination case set forth in St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), to claims arising under the NJLAD).  The Court also believes the New Jersey Supreme Court would apply a but-for standard of causation to the NJLAD in this cae.

In addition to the parallel interpretation of the NJLAD and ADEA, the determination that the New Jersey Supreme Court would apply the but-for causation standard is compellingly supported by the discussion of the Appellate Division for the Superior Court of New Jersey post-Gross.  In Garnes v. Passaic County, the case which has come closest to reaching the issue now before this Court, the Appellate Division Court compared the causation standard for the NJLAD and ADEA and found them functionally the same:

> We discern no significant difference between the Court's description of the essential showing in Gross, and our Supreme Court's description of what a plaintiff must prove to establish a claim of age discrimination in employment under the LAD. Under New Jersey law, "an employee must 'show that the prohibited consideration[, age,] played a role in the decision making process and that it had a determinative influence on the outcome of that process.'" Bergen Commercial Bank v. Sisler, 157 N.J. 188, 207, 723 A.2d 944 (1999) (quoting Maiorino v. Schering-Plough Corp., 302 N.J. Super. 323, 344, 695 A.2d 353 (App.Div.) (quoting Miller v. CIGNA Corp., 47 F.3d 586, 597 (3d Cir. 1995)), certif. denied, 152 N.J. 189, 704 A.2d 19 (1997)). . . . Pursuant to Gross, "the burden of persuasion necessary to establish employer liability is the same in alleged mixed-motives cases as in any other ADEA disparate-treatment action. A

4

plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the 'but-for' cause of the challenged employer decision." 557 U.S. at 177-78[].

Garnes v. Passaic Cty., 437 N.J. Super. 520, 530, 100 A.3d 557, 563 (App. Div. 2014). Likewise, the most recent ruling in this District on the matter explicitly states that the standards are functionally the same. In Bals v. Trump Nat'l Golf Club Colts Neck LLC, 2016 WL 7325475, at *6 (D.N.J. Dec. 16, 2016), the court stated that "to succeed on a claim of age discrimination under the ADEA and the NJLAD, the plaintiff bears the ultimate burden of establishing that his or her age actually . . . played a role in the employer's decision-making process and had a determinative influence on the outcome of that process." Id. (internal quotation marks omitted).

Plaintiff's reliance on previous rulings of this Court and others continuing to use the term "motivating" does not alter the Court's analysis, particularly because no court has done so while discussing the issue before this Court. For instance, Plaintiff points to Brown-Marshall v. Roche Diagnostics Corp., No. 10-5984, 2013 WL 3793622, at *5 (D.N.J. July 19, 2013) ("[T]he Plaintiff must point to some evidence upon which a factfinder could reasonably believe that an improper motive was more likely than not the motivating cause for the defendant's action."). In Brown-Marshall, however, this Court was not asked

to compare the ADEA and NJLAD causation standard.[1]  The same is true in Mazzagatti v. Morpho Detection, Inc., No. 13-2834, 2015 U.S. Dist. LEXIS 48723, at *15 (D.N.J. Apr. 14, 2015), Mann v. Estate of Meyers, 61 F. Supp. 3d 508, 533 (D.N.J. 2014), and Kremp v. Wachovia Bank, 451 F. App'x 151, 156 (3d Cir. 2011) ("To satisfy his burden, Kremp must point to some evidence upon which a factfinder could reasonably either disbelieve Wachovia's articulated motive or believe the age-based animus was more likely than not a motivating cause for Wachovia's action.").[2]

Plaintiff's final argument crystalizes the reason courts' somewhat persistent use of the term "motivating factor" does not change this Court's determination that the "but-for" causation standard here is proper.  Plaintiff points to the New Jersey Model Civil Jury Charge for NJLAD claims, which purportedly make no "reference to 'but-for' causation."  (Pl.'s Ltr. at 2). Specifically, Plaintiff cites to the model jury charge's instruction that a plaintiff may prove his case "directly by proving that a discriminatory reason more likely than not

---

[1] This is likewise true for the Court's analysis in Mazzagatti v. Morpho Detection, Inc., No. 13-2834, 2015 U.S. Dist. LEXIS 48723, at *15 (D.N.J. Apr. 14, 2015).
[2] Likewise, in Vargas v. Piramal Glass LTd., No. 10-4314, 2012 U.S. Dist. LEXIS 89085, at *9 n.4 (D.N.J. June 27, 2012), the Court noted that the "but-for" causation standard had not been applied to NJLAD claims, the Court takes that statement to mean simply that it has not been put before any court for explicit resolution.

motivated the defendant's action, or indirectly, by proving that the employer's stated reason for its action is not the real reason for the action."  N.J. Model Civ. Jury Instruction 2.21A at 6.  Plaintiff, does not, however, address the gloss on the term "motivated" provided in the next paragraph which indicates that "[T]he plaintiff must only prove that his/her [insert the protected category] played a role in the decision and <u>that it made an actual difference in the defendant's decision</u>."  <u>Id.</u> (emphasis added).  This exceeds the mere "playing a role" scope that Plaintiff attributes to "motivating" and that was at issue in <u>Gross</u>.  (Pl.'s Br. at 1); <u>Gross v. FBL Fin. Servs., Inc.,</u> 557 U.S. 167, 171, 129 S. Ct. 2343, 2347, 174 L. Ed. 2d 119 (2009) ("The jury was further instructed that Gross' age would qualify as a "'motivating factor,' if [it] played a part or a role in [FBL]'s decision to demote [him]."").  Thus, this model jury instruction language, fully explained, not only requires that it play a role in the general sense, but that the role the protected activity played made an "actual difference."  Put differently, the instruction requires that the role changed the outcome.  This is the very essence of "but-for" causation.[3]  <u>See</u>

_____

[3] This corresponds closely to the Third Circuit Model Jury Instruction commentary's reliance on <u>Miller v. Cigna Corp.</u>, 47 F.3d 586 (3d Cir. 1995) (en banc).  In that case, the Third Circuit defined but-for causation in the ADA context as requiring a showing that "age actually played a role in the employer's decisionmaking process and had a determinative

<u>Burrage v. United States</u>, 134 S. Ct. 881, 888, 187 L. Ed. 2d 715 (2014) ("Thus, if poison is administered to a man debilitated by multiple diseases, it is a but-for cause of his death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would have lived.").

For the reasons set forth above, to give separate instructions to the jury as Plaintiff urges would suggest to the jury there are different standards, when the standards are the same but are expressed or worded differently.  Put another way, the separate charges requested by Plaintiff contain distinctions without material differences and would only lead to jury confusion.  Accordingly, the Court will instruct the jury on the issue of causation under ADEA and NJLAD using only the "but-for" causation standard.

DATED: January 26, 2017

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

---

influence on the outcome of that process."  <u>Id.</u> at 596-967; <u>See also</u> Third Circuit Model jury Instructions 8.1.1 at 7.

8